IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN ELLINGTON, | ) |
| Plaintiff | ) |
| v. | ) |
| FIRST PREMIER BANK, | ) |
| Defendant | ) |
| _____ | ) NO. 3:17-cv-00403 |
| | ) JUDGE TRAUGER |
| FIRST PREMIER BANK, | ) |
| Third Party Plaintiff | ) |
| v. | ) |
| CASSANDRA WHITAKER, | ) |
| Third Party Defendant | ) |

**MEMORANDUM**

Pending before the court is a Motion to Strike Third Party Complaint (Docket No. 21), filed by Plaintiff Ellington. For the reasons stated herein, Plaintiff's Motion to Strike will be DENIED.

BACKGROUND

Plaintiff filed this action against Defendant First Premier Bank for alleged violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges that Defendant violated the TCPA by calling his cellular telephone number, through an automated telephone dialing system, in an attempt to collect a debt, even after Plaintiff expressly revoked any previously perceived express consent to be called.

Defendant timely filed a Third Party Complaint (Docket No. 16) against Cassandra Whitaker, alleging that she listed Plaintiff's telephone number on her credit card application as her work number

and provided consent for Defendant to reach her at that number. The basis for the Third Party Complaint is that if Defendant is liable to Plaintiff, then Ms. Whitaker is liable to Defendant.

DISCUSSION

Plaintiff claims that the Third Party Complaint should be stricken because it involves a separate and distinct claim from Plaintiff's claims against Defendant.[1] Plaintiff also argues that Whitaker's liability to Defendant is not contingent or derivative of Defendant's liability to Plaintiff and that allowing the Third Party Complaint will cause confusion of the issues and prejudice to Plaintiff at trial.

Rule 14 of the Federal Rules of Civil Procedure provides that a defending party may, as a third party plaintiff, sue a nonparty who is or may be liable to it for all or part of the claim against it. Such a third party complaint may be filed without leave of court if it is filed within 14 days of serving the original answer. Fed. R. Civ. P. 14(a)(1).[2] Any party may move to strike the third party claim, to sever it, or to try it separately. Fed. R. Civ. P. 14(a)(4).

Third-party pleading is appropriate only where the third party defendant's liability to the third party plaintiff is dependent on the outcome of the main claim. *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). A defendant attempting to transfer the liability asserted against him by the original plaintiff to the third party defendant is therefore the essential criterion of a third-party claim. *Id*.

Here, Defendant's claims against Whitaker arise directly from the allegations of Plaintiff's complaint against Defendant. The relief Defendant seeks against Whitaker is judgment for any

---

[1] For example, Plaintiff's claim against Defendant is a statutory claim, and Defendant's claim against Whitaker involves alleged breach of contract, misrepresentation and indemnity.

[2] Because Defendant filed its Third Party Complaint within the 14 days, the court is not considering a motion for leave to file a third party complaint, and the considerations related to whether to grant such leave, such as prejudice, do not apply.

"damages incurred as a result of Plaintiff's lawsuit, including the amount of any judgment entered in favor of Plaintiff against First Premier, as well as First Premier's own attorneys' fees and costs." (Docket No. 16.) As Plaintiff admits in his Memorandum, "First Premier, through its Third Party Complaint, alleges that it is without fault in causing Plaintiff's damages, and any liability it has to Plaintiff should be attributed to Whitaker." (Docket No. 22).

Thus, if Plaintiff's claim against Defendant fails, then Defendant's Third-Party Complaint is moot. If Plaintiff's claim against Defendant is established, then the court (or jury) will determine whether Whitaker is liable to Defendant for the amount of Plaintiff's claim.[3] In other words, Defendant's measure of damages against Whitaker would be the amount of any judgment entered against Defendant on Plaintiff's claim.

Because the Third Party Complaint alleges that Whitaker caused the damage to Plaintiff, it is distinguishable from the cases cited by Plaintiff. Here, the liability of Whitaker is contingent upon whether Defendant is found to have violated the TCPA.

CONCLUSION

For these reasons, Plaintiff's Motion to Strike Third Party Complaint (Docket No. 21) will be DENIED. An appropriate Order shall be entered.

IT IS SO ORDERED.

ENTER this 26th day of June 2017.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

---

[3] If Plaintiff succeeds on his claim of express revoked consent, for example, the trier of fact will determine whether Whitaker is liable for that portion of any judgment against Defendant.